LARRY D. VAUGHT, Judge
Jaylen Lamarvin Farmer appeals from the sentencing order entered by the Crittenden County Circuit Court convicting him of attempted capital murder, sixteen counts of second-degree unlawful discharge of a firearm from a vehicle, and fleeing. With enhancements for employing a firearm in the commission of each of these offenses, Farmer was sentenced to a total of ninety-six years' imprisonment in the Arkansas Department of Correction. Farmer raises four points on appeal: (1) the circuit court erred in denying his motion for mistrial; (2) the circuit court erred in denying his motion for new trial; (3) there was insufficient evidence to corroborate the accomplice testimony to support his convictions; and (4) the circuit court erred in allowing him to be convicted of more than one count of unlawful discharge of a firearm because it was conduct constituting one continuous event. We cannot reach the merits of his arguments due to abstract and addendum deficiencies.
Farmer's third point on appeal includes three subpoints, one of which is that the circuit court abused its discretion in denying his motion for continuance. Farmer filed a motion for continuance on March 12, 2018, two days before trial. The circuit court held a hearing on Farmer's motion that same day, after which the court orally denied the motion.
Arkansas Supreme Court Rule 4-2(a)(5) states that "[t]he appellant shall create an abstract of the material parts of all the transcripts (stenographically reported material) in the record. Information in a transcript is material if the information is essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal." Id. Here, the abstract does not include either Farmer's arguments or the ruling from the circuit court's hearing on Farmer's motion for continuance. This information is essential for the appellate court to decide Farmer's argument on appeal that the circuit court abused its discretion in denying the motion.
This is not Farmer's only abstracting deficiency. Arkansas Supreme Court Rule 4-2(a)(5)(B) also provides that "the abstract shall be an impartial condensation, without comment or emphasis, of the transcript (stenographically reported material)" and that "[n]o more than one page *378 of a transcript shall be abstracted without giving a record page reference." Throughout the abstract, there are gaps-without explanation-in the hearing arguments and the trial testimony. For instance, the abstract of the February 26, 2018 pretrial hearing skips from R. 224 to R. 231-232. The abstract of the March 9, 2018 motion-to-suppress hearing skips from R. 262 to R. 271. The abstract contains a gap in trial testimony from R. 677 to R. 685; R. 697 to R. 702; R. 716 to R. 719; R. 732 to R. 737; R. 1055 to R. 1067; and R. 1068 to R. 1075. This is just a sampling; not an exhaustive list.
Further, in Farmer's abstract, there is a paragraph that is described as "the Defendant's phone call from the Detention facility," and the record-page cites within this paragraph are to R. 1067-1068. However, this phone call begins at R. 1057 and ends at R. 1069. Moreover, there is no context to this paragraph in the abstract. It is not clear in the paragraph whom Farmer called, whom he was talking to, or about whom he is talking. This evidence is relevant to Farmer's third point on appeal challenging the accomplice-corroboration testimony.
There is also an addendum deficiency in this case. Arkansas Supreme Court Rule 4-2(a)(8) requires the addendum to include all nontranscript items on appeal that are essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal. This includes exhibits such as DVDs. Ark. Sup. Ct. R. 4-2(a)(8)(A)(i). The State introduced into evidence and published to the jury a West Memphis police officer's dash-camera video. This video was relied on by law enforcement when it concluded that Farmer was the individual who was shooting a weapon at a police officer from the backseat of a vehicle and is relevant on the issue of accomplice-corroboration testimony.
If the appellate court determines that deficiencies or omissions in the abstract or addendum need to be corrected, but complete rebriefing is not needed, then the court will order the appellant to file a supplemental abstract or addendum within seven calendar days to provide the additional materials from the record to the members of the appellate court. Ark. Sup. Ct. R. 4-2(b)(4). Accordingly, we order Farmer to submit a supplemental abstract and addendum correcting the above-referenced deficiencies within seven days from the date of this opinion. Id. ; see also Powell v. State , 2013 Ark. App. 149, at 3, 2013 WL 749772. We encourage Farmer's counsel to review Rule 4-2 to ensure that the supplemental abstract and addendum comply with the rule and that no additional deficiencies are present.
Supplemental abstract and addendum ordered.
Gladwin and Glover, JJ., agree.