Cite as 2019 Ark. App. 548

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CR-19-253

| | | |
|---|---|---|
| | | **Opinion Delivered:** November 20, 2019 |
| JOHN JOHNSON | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SECOND DIVISION [NO. 60CR-16-1976] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE CHRISTOPHER CHARLES PIAZZA, JUDGE |
| | | REBRIEFING ORDERED |

## PHILLIP T. WHITEAKER, Judge

John Johnson was convicted by a Pulaski County jury of second-degree murder and first-degree battery, each with a corresponding firearm enhancement. He was sentenced as a habitual offender to an aggregate of sixty years for the murder and battery convictions as well as an additional ten years' imprisonment on each firearm-enhancement count to be run consecutively.[1] Johnson appeals his convictions arguing that the trial court abused its discretion in (1) denying his motion to sever; (2) finding one of the witnesses to be unavailable and admitting the witness's prior sworn testimony; and (3) denying his motion to suppress his custodial statement to police. We are precluded from reaching the merits of appellant's arguments, however, because of a deficient abstract and addendum. We therefore order rebriefing.

---

[1]He was also fined a total of $15,000.

First, we note that Johnson has failed to abstract all hearings essential to our review. Arkansas Supreme Court Rule 4-2(a)(5) (2019) provides, in pertinent part:

> (5) *Abstract*. The appellant shall create an abstract of the material parts of all the transcripts (stenographically reported material) in the record. Information in a transcript is material if the information is essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal.

On appeal, Johnson argues that the trial court abused its discretion in denying his motion to sever. This motion was argued at a pretrial hearing on July 10, 2018. However, this hearing has not been included in our abstract. As a result, we have not been provided with the oral arguments presented to the court or the court's oral ruling from that hearing. This information is clearly essential for us to decide this argument on appeal. Accordingly, we must order rebriefing to ensure that we have all relevant information before us. *See Farmer v. State*, 2019 Ark. App. 93, at 2, 569 S.W.3d 376, 377.

Additionally, Arkansas Supreme Court Rule 4-2(a)(8)(A)(i) provides, in pertinent part, that the addendum must include "any document essential to an understanding of the case and the issues on appeal." We note that one of the issues on appeal is the trial court's decision regarding the availability of a witness who did not appear for trial. The subpoena at issue was not included in the addendum, and while the State purportedly supplemented the addendum with the subpoena, no such subpoena was contained in the briefs. Therefore, on rebriefing, we order Johnson to include a copy of this subpoena in his addendum along with any other relevant documents necessary to decide the appeal.

We also direct counsel's attention to the fact that it appears at least a portion of the trial testimony was abstracted twice, which has complicated our review.[2] Finally, we note that in his brief, Johnson sometimes cites to the abstract and sometimes cites to the trial record. The page references, however, are not always accurate. Arkansas Supreme Court Rule 4-2(a)(6)–(7) requires the parties to reference the abstract and addendum when referencing material found therein.[3]

Due to the failure to comply with our rules concerning the contents of the abstract and addendum and the format of the brief, we order Johnson to file a substituted abstract, addendum, and brief curing the deficiencies within fifteen days from the date of entry of this order. Ark. Sup. Ct. R. 4-2(b)(3). After service of the substituted brief, the State shall have the opportunity to file a responsive brief in the time prescribed by the clerk, or it may choose to rely on the brief previously filed in this appeal.

While we have noted the above-mentioned deficiencies, we encourage Johnson's counsel to review Rule 4-2 in its entirety as it relates to the abstract and addendum, as well as the entire record, to ensure that no additional deficiencies are present, as any subsequent rebriefing order may result in affirmance of the order or judgment due to noncompliance

---

[2]The table of contents indicates a large gap in the proceedings with Terry McDaniel's testimony abstracted at pages 72 and 73 and the next witness's testimony beginning at page 585. It appears that this is where the duplicated testimony is located.

[3]Arkansas Supreme Court Rule 4-2(a)(6) provides, in pertinent part, that the statement of the case "must include supporting page references to the abstract or addendum or both." Arkansas Supreme Court Rule 4-2(a)(7) provides that "[r]eference in the argument portion of the parties' briefs to material found in the abstract and addendum shall be followed by a reference to the page number of the abstract or addendum at which such material may be found."

with Rule 4–2. *See* Ark. Sup. Ct. R. 4–2(b)(3); *see also Carter v. Cline*, 2011 Ark. 266 (per curiam).

Rebriefing ordered.

HIXSON and BROWN, JJ., agree.

*Willard Proctor, Jr., P.A.*, by: *Willard Proctor, Jr.*, and *Dominique King*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.